**David Kent FITCH, Plaintiff–Appellant,**

v.

**C.D. ADAMS, M.D.; A. Villason, M.D.; P. Hashop, R.N.; John Miles, Warden, Defendants–Appellees.**

No. 06–40625

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 17, 2007.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

David Kent Fitch, Las Vegas, NV, pro se.

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM.\*

David Kent Fitch, federal prisoner # 34775–048, appeals the dismissal of his *Bivens*\*\* action alleging that the defendants were deliberately indifferent to Fitch's serious medical needs by providing constitutionally inadequate treatment for a hernia and a serious spinal condition. The district court dismissed his complaint without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). After the district court entered judgment in this case, the United States Supreme Court clarified that exhaustion of remedies is an affirmative defense that need not be pleaded and proven in a prisoner's initial complaint. *Jones v. Bock,* —— U.S. ——, ——, 127 S.Ct. 910, 918–22, 166 L.Ed.2d 798 (2007). It is unnecessary to remand this case to the district court because we conclude that the dismissal of the complaint may be affirmed on other grounds. *See Sojourner T. v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992). It is clear from Fitch's complaint and his appellate brief that his claims concern malpractice and disagreement with his medical treatment. These allegations do not establish the constitutional violation neces-

\*\* *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

sary for a plaintiff to prevail in a *Bivens* action. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Accordingly, we modify the judgment to reflect that the complaint is dismissed with prejudice and we affirm as modified.

AFFIRMED AS MODIFIED.